UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

NATIONAL RADIOLOGY CONSULTANTS, P.A.,

Case No. 8:19-01274-CPM

Chapter 11

Debtor.
_____/

## DEBTOR'S NOTICE OF FILING PLAN AMENDMENTS

National Radiology Consultants, P.A. (the "Debtor"), through undersigned counsel and pursuant to Section 1127 of the Bankruptcy Code hereby gives notice of the filing of its proposed plan modifications to the *Second Amended Plan of Liquidation of National Radiology Consultants, P.A.* (Doc. No. 161). The proposed modifications are attached as follows:

**1.** The proposed plan modifications distributed in open Court and reviewed on the record at the September 5, 2019 hearing.

**2.** Additional changes reflecting comments to the proposed modifications received on the record at the September 5, 2019 hearing and since then in redline format.

**3.** Additional changes reflecting comments to the proposed modifications received on the record at the September 5, 2019 hearing and since then in a clean format.

The Debtor proposes these plan modifications be reflected in any order confirming the plan by including them in said order or by reference to this filing.

DATED this 27th day of September 2019.

> */s/ Daniel E. Etlinger*
> David S. Jennis
> Florida Bar No. 775940
> Daniel E. Etlinger
> Florida Bar No. 77420
> **JENNIS LAW FIRM**

...
...

606 East Madison Street
Tampa, Florida 33602
Telephone: (813) 229-2800
E-mail: djennis@jennislaw.com
detlinger@jennislaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished by CM/ECF electronic service to the **United States Trustee**, 501 E. Polk St., Suite 1200, Tampa, FL 33602; and to those parties listed on the and to those parties who receive electronic notice via CM/ECF in the ordinary course of business, on this 27th day of September 2019.

*/s/ Daniel E. Etlinger*
Daniel E. Etlinger

**Section 1.22 is modified as follows:**
**1.22**   "Chase" means JPMorgan Chase Bank, N.A. and any predecessors, successors, assigns, parent corporations, subsidiary corporations, affiliate corporations, successors, agents, and their officers, directors, shareholders, employees, representatives, insurers, attorneys and assigns, and/or anyone claiming by, through or under any of them.

**Section 2.1.3 is modified as follows:**
**2.1.3**   Professional Compensation and Expense Reimbursement Claims.  All Persons seeking an award by the Bankruptcy Court of a Professional Fee Claim, or of compensation for services rendered to the Debtor or reimbursement of expenses incurred through and including the Effective Date under Sections 503(b)(2) of the Bankruptcy Code, shall file their respective final applications for allowances of compensation for services rendered and reimbursement of expenses incurred no later than fifteen (15) days after the entry of an order by the Bankruptcy Court conditionally approving the Debtor's Disclosure Statement, or as otherwise ordered by the Bankruptcy Court.

Such applications shall include an estimate of any additional compensation or reimbursement that is contemplated to be requested for services rendered and costs incurred through the Confirmation Date and are supplemented at the Confirmation Hearing as needed.  If such an award is approved by the Bankruptcy Court, it shall be fully paid in Cash to the extent Allowed by the Bankruptcy Court **(A)** on the later of the Effective Date or the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable, or **(B)** upon such other terms as may be mutually agreed upon between such Holder of an Allowed Administrative Claim and the Debtor.  Any Provisional Fee Payments made to Professionals during the pendency of the case shall be deemed to have been made as of the Effective Date.

All Professional Fees for services rendered in connection with this case after the Effective Date, including, without limitation, those relating to the occurrence of the Effective Date, the prosecution of Chapter 5 Claims, claim of other Causes of Action and the resolution of Disputed Claims and, shall be paid by the Disbursing Agent, as applicable, upon first having their retention approved by the Bankruptcy Court and second by filing a fee statement no more often than once a month and providing ten (10) days for objections otherwise the statements shall be deemed approved.

**Section 2.4 is modified as follows:**
**2.4**   **Substantive Consolidation of Subsidiaries.**

**UPON CONFIRMATION OF THE PLAN THE SUBSIDIARIES SHALL BE SUBSTANTIVELY CONSOLIDATED WITH THE DEBTOR. CHASE SHALL BE ENTITLED TO A PERFECTED LIEN ON THE ASSETS OF THE SUBSIDIARIES AS WELL AS THE DEBTOR.  THE DEBTOR DOES NOT BELIEVE THE SUBSIDIARIES HAVE ANY INDEPENDENT LIABILITIES, APART FROM THE DEBTOR, OTHER THAN ANY LAWSUITS WHERE THEY HAVE BEEN NAMED AS A CO-DEFENDANT TO THE DEBTOR.  SHOULD THE DISBURSING AGENT BECOME AWARE OF ANY INDEPENDENT CREDITOR WHO HAS NOT ALREADY RECEIVED NOTICE OF THIS BANKRUPTCY CASE THE DISBURSING AGENT SHALL PROVIDE NOTICE**

**OF THE BANKRUPTCY CASE AND SUBSTANTIVE CONSOLIDATION AND SUCH CREDITOR(S) OF THE SUBSIDIARY SHALL BE GIVEN A REASONABLE TIME PERIOD, AS DETERMINED BY THE COURT, TO ASSERT A CLAIM AGAINST THE DEBTOR TO THE EXTENT SUCH CREDITOR WOULD HAVE ANY RIGHT TO COLLECT ON SUCH CLAIM AGAINST THE SUBSIDIARY OF THE DEBTOR WITH THE SAME CLASSIFICATION AS ESTABLISHED HEREIN.  THE DEBTOR SHALL PUBLISH NOTICE OF THE CONFIRMATION ORDER AND SPECIFICALLY THE SUBSTANTIVE CONSOLIDATION IN EACH OF THE COUNTIES WHERE THE DEBTOR AND/OR A SUBSIDIARY HAD THEIR PRINCIPAL LOCATION.**

**Article 4 Class 2 is modified as follows:**
**Article 4 Class 2.**

Chase is claiming post-petition contract interest rate and reasonable attorney's fees, not to exceed $130,000.  Post confirmation, the interest rate shall be reduced to 5.25%.  However, payment from the Debtor to Chase shall not be applied by Chase to post-petition contract interest and reasonable attorneys' fees and costs until such time as Chase's prepetition claim is paid in full.

**Article 4 Class 5 is modified as follows:**
**Article 4 Class 5.**

Class 5 General Unsecured Claims shall be paid from the Remainder, from any net recoveries from Chapter 5 Claims and other Causes of Action after costs of recovery, including any costs of litigation and attorneys' fees, and from the Chase Carve Out in the amount of up to $50,000 from the continued collection of Chase Accounts Receivable, to be paid pro rata with Chase, after Chase receives payment of 80% of its Class 2 Claim.

**Section 5.7 is modified as follows:**
**5.7 Addresses for Distributions to Holders of Allowed Claims.**

Unless otherwise provided in the Plan, the Plan Documents, or a Final Order of the Bankruptcy Court, Distributions to be made under the Plan to Holders of Allowed Claims shall be made by first class United States mail, postage prepaid to: **(A)** the latest mailing address set forth in a Proof of Claim timely filed with the Bankruptcy Court by or on behalf of such Holders or **(B)** if no such Proof of Claim has been timely filed, the mailing address set forth in the Schedules.  Neither the Debtor nor the Debtor shall be required to make any other effort to locate or ascertain the address of the Holder of any Claim.  Should a creditor provide an alternative address, payment will be made there.

**Section 5.8.2 is modified as follows:**
**5.8.2**  Prosecution of Objection.

 On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner shall have the non-exclusive authority to file objections, litigate to judgment, settle, or withdraw objections to Disputed Claims.  On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner

shall be entitled to compromise or settle any Disputed Claim without approval of the Bankruptcy Court.

**Section 7.1 is modified as follows:**
**7.1 Assumed Executory Contracts and Unexpired Leases.**

The Debtor will be deemed to have rejected all Executory Contracts or Unexpired Leases that have not been expressly assumed by the Debtor with the Bankruptcy Court's approval on or prior to the Confirmation Date, and are not the subject of a pending motion to assume on the Confirmation Date. The Plan shall constitute a motion to reject such executory contracts and unexpired leases, and the Debtor shall have no liability thereunder except as is specifically provided in the Plan. Entry of the Confirmation Order shall constitute approval of such rejections. To the extent the Debtor's contracts with Critical Vendors are considered executory contracts, the Debtor assumes those contracts through the Plan. By this Article, the Debtor expressly rejects that certain Healthcare Master Agreement by and between Nuance Communications, Inc. and Debtor effective December 31, 2015 (together with all schedules, exhibits and orders thereto, including, without limitation, that certain order entered into on December 30, 2015 and executed on December 31, 2015).

**Section 7.2 is added:**
**7.2 Chase.**

Except as specifically modified by this Plan, no term or condition of the loan documents evidenced by the Chase Claim shall be modified. The Debtor hereby ratifies and reaffirms the loan documents evidencing the Chase Claim in all respects, and confirms that they remain in full force and effect, specifically affirming that all rights and remedies of Chase upon a default shall now be applicable to a default under this Plan.

In consideration of the Chase Carve Out, which includes the Chapter 5 Examiner Fund, upon the Effective Date, Chase shall be released from any and all potential claims, debts, rights, causes of action, remedies or liabilities held or allegedly held, known or unknown, by the Debtor. The foregoing release is a general release of all claims that could be raised by the substantively consolidated Debtor against Chase.

**Section 8.1 is modified as follows:**
**8.1 Jurisdiction.**

Until the Bankruptcy Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction that is permissible, including that necessary to ensure that the purposes and intent of the Plan are carried out and to hear and determine all Claims that could have been brought before the entry of the Confirmation Order. Except as otherwise provided in the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against the Debtor, Rule 2004 examinations of the Debtor along with all other discovery issues arising from this Bankruptcy Case and to adjudicate and enforce all causes of action that may exist on behalf of Debtor.

**Section 1.22 is** ~~modified as follows~~**deleted in its entirety and replaced with the following**:
**1.22** "Chase" means JPMorgan Chase Bank, N.A. and any predecessors, successors, assigns, parent corporations, subsidiary corporations, affiliate corporations, successors, agents, and their officers, directors, shareholders, employees, representatives, insurers, attorneys and assigns, and/or anyone claiming by, through or under any of them.

**Section 2.1.3 is modified as follows to include the language in italics:**
**2.1.3** Professional Compensation and Expense Reimbursement Claims. All Persons seeking an award by the Bankruptcy Court of a Professional Fee Claim, or of compensation for services rendered to the Debtor or reimbursement of expenses incurred from *July 1, 2019* through and including the Effective Date under Sections 503(b)(2) of the Bankruptcy Code, shall file their respective final applications for allowances of compensation for services rendered and reimbursement of expenses incurred no later than fifteen (15) days after the entry of an order by the Bankruptcy Court conditionally approving the Debtor's Disclosure Statement, or as otherwise ordered by the Bankruptcy Court.

Such applications shall include an estimate of any additional compensation or reimbursement that is contemplated to be requested for services rendered and costs incurred through the Confirmation Date and are supplemented at the Confirmation Hearing as needed. If such an award is approved by the Bankruptcy Court, it shall be fully paid in Cash to the extent Allowed by the Bankruptcy Court **(A)** on the later of the Effective Date or the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable, or **(B)** upon such other terms as may be mutually agreed upon between such Holder of an Allowed Administrative Claim and the Debtor. Any Provisional Fee Payments made to Professionals during the pendency of the case shall be deemed to have been made as of the Effective Date.

All Professional Fees for services rendered in connection with this case after the Effective Date, including, without limitation, those relating to the occurrence of the Effective Date, the prosecution of Chapter 5 Claims, claim of other Causes of Action and the resolution of Disputed Claims and, shall be paid by the Disbursing Agent, as applicable, upon *first having their retention approved by the Bankruptcy Court and second by* filing a fee statement no more often than once a month and providing ten (10) days for objections otherwise the statements shall be deemed approved. *on an interim basis.*

**Section 2.4 is** ~~modified as follows~~**deleted in its entirety and replaced with the following**:
**2.4** **Substantive Consolidation of Subsidiaries.**

**UPON CONFIRMATION OF THE PLAN THE SUBSIDIARIES SHALL BE SUBSTANTIVELY CONSOLIDATED WITH THE DEBTOR**~~, CHASE SHALL BE ENTITLED TO A PERFECTED LIEN ON THE ASSETS OF~~ **AND THE SUBSIDIARIES** ~~AS WELL AS THE DEBTOR~~**SHALL FILE ARTICLES OF MERGER WITH THE STATE OF DELAWARE WHICH IS AN AUTHORIZED USE OF CASH COLLATERAL**. **THE DEBTOR DOES NOT BELIEVE THE SUBSIDIARIES HAVE ANY INDEPENDENT LIABILITIES, APART FROM THE DEBTOR, OTHER THAN** ~~ANY LAWSUITS WHERE THEY HAVE BEEN NAMED AS A CO-DEFENDANT TO THE DEBTOR. SHOULD THE~~

{00330018.DOCX}

~~DISBURSING AGENT BECOME AWARE OF ANY INDEPENDENT CREDITOR WHO HAS NOT ALREADY RECEIVED NOTICE OF THIS BANKRUPTCY CASE THE DISBURSING AGENT SHALL PROVIDE NOTICE OF THE BANKRUPTCY CASE AND SUBSTANTIVE CONSOLIDATION AND SUCH CREDITOR(S) OF THE SUBSIDIARY SHALL BE GIVEN A REASONABLE TIME PERIOD, AS DETERMINED BY THE COURT, TO ASSERT A CLAIM AGAINST THE DEBTOR TO THE EXTENT SUCH CREDITOR WOULD HAVE ANY RIGHT TO COLLECT ON SUCH CLAIM AGAINST THE SUBSIDIARY OF THE DEBTOR WITH THE SAME CLASSIFICATION AS ESTABLISHED HEREIN.  THE DEBTOR SHALL PUBLISH NOTICE OF THE CONFIRMATION ORDER AND SPECIFICALLY THE SUBSTANTIVE CONSOLIDATION IN EACH OF THE COUNTIES WHERE THE DEBTOR AND/OR A SUBSIDIARY HAD THEIR PRINCIPAL LOCATION~~__THE LAWSUITS WHERE THEY HAVE BEEN NAMED AS A CO-DEFENDANT TO THE DEBTOR__.

__CHASE SHALL BE ENTITLED TO A PERFECTED LIEN ON THE ASSETS OF THE SUBSIDIARIES AS WELL AS THE DEBTOR. THE DEBTOR SHALL MAIL NOTICE OF THE SUBSTANTIVE CONSOLIDATION AND CHASE LIEN TO ANYONE IT IDENTIFIES AS A POTENTIAL CLAIMANT WHO HAS NOT ALREADY RECEIVED NOTICE OF THIS BANKRUPTCY.  THE RECIPIENTS WILL HAVE FOURTEEN (14) DAYS FROM THE DATE OF THE NOTICE TO FILE WITH THIS COURT A CLAIM EITHER SUPERIOR TO CHASE'S LIEN ON THE SUBSIDIARIES' ASSETS OR TO THE DEBTOR'S INTEREST IN SURPLUS COLLECTIONS.  THE DEBTOR AND CHASE SHALL SEGREGATE ALL COLLECTIONS FROM THE SUBSIDIARIES UNTIL THE LATER OF THE FOURTEEN (14) DAYS NOTICE PERIOD HAS EXPIRED WITH NO CLAIMS FILED, OR, ALL TIMELY CLAIMS FILED HAVE BEEN ADJUDICATED.  THE CLAIMS PROCEDURE IDENTIFIED HEREIN DOES NOT EXTEND THE CLAIMS BAR DATE FOR ANY CREDITORS WHO PREVIOUSLY HAD NOTICE OF THE BANKRUPTCY CASE.__

**Article 4 Class 2 is** ~~modified as follows~~__deleted in its entirety and replaced with the following__**: Article 4 Class 2.**

Chase is claiming post-petition contract interest rate and reasonable attorney's fees, not to exceed $130,000~~. Post confirmation, the interest rate shall be reduced to 5.25%. However, payment from the Debtor to Chase shall not be applied by Chase to post-petition contract interest and reasonable attorneys' fees and costs until such time as Chase's prepetition claim is paid in full.~~__; and, post confirmation interest rate of 5.25% subject to 11 U.S.C. § 506(b).__

**Article 4 Class 5 is** ~~modified as follows~~__deleted in its entirety and replaced with the following__**: Article 4 Class 5.**

Class 5 General Unsecured Claims shall be paid from the Remainder, from any net recoveries from Chapter 5 Claims and other Causes of Action after costs of recovery, including any costs of litigation and attorneys' fees, and from the Chase Carve Out in the amount of up to $50,000 from the continued collection of Chase Accounts Receivable, to be paid pro rata with Chase, after Chase receives payment of 80% of its Class 2 Claim.

**Section 5.7 is modified as follows include the last sentence in italics:**
**5.7 Addresses for Distributions to Holders of Allowed Claims.**

Unless otherwise provided in the Plan, the Plan Documents, or a Final Order of the Bankruptcy Court, Distributions to be made under the Plan to Holders of Allowed Claims shall be made by first class United States mail, postage prepaid to: **(A)** the latest mailing address set forth in a Proof of Claim timely filed with the Bankruptcy Court by or on behalf of such Holders or **(B)** if no such Proof of Claim has been timely filed, the mailing address set forth in the Schedules.  Neither the Debtor nor the Debtor shall be required to make any other effort to locate or ascertain the address of the Holder of any Claim.  *Should a creditor provide an alternative address, payment will be made there.*

**Section 5.8.2 is modified as follows to include the language in italics:**
**5.8.2   Prosecution of Objection.**

On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner shall have the *non-exclusive* authority to file objections, litigate to judgment, settle, or withdraw objections to Disputed Claims.  On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner shall be entitled to compromise or settle any Disputed Claim without approval of the Bankruptcy Court *except for any Disputed Claim regarding Dr. Okoh or if any creditor or interested party has filed an objection as to that Disputed Claim*.

**Section 7.1 is modified as follows to include the language in italics:**
**7.1 Assumed Executory Contracts and Unexpired Leases.**

The Debtor will be deemed to have rejected all Executory Contracts or Unexpired Leases that have not been expressly assumed by the Debtor with the Bankruptcy Court's approval on or prior to the Confirmation Date, and are not the subject of a pending motion to assume on the Confirmation Date.  The Plan shall constitute a motion to reject such executory contracts and unexpired leases, and the Debtor shall have no liability thereunder except as is specifically provided in the Plan.  Entry of the Confirmation Order shall constitute approval of such rejections.  To the extent the Debtor's contracts with Critical Vendors are considered executory contracts, the Debtor *assumes* those contracts through the Plan.  By this Article, the Debtor expressly rejects that certain Healthcare Master Agreement by and between Nuance Communications, Inc. and Debtor effective December 31, 2015 (together with all schedules, exhibits and orders thereto, including, without limitation, that certain order entered into on December 30, 2015 and executed on December 31, 2015).

**Section 7.2 is added in its entirety:**
**7.2 Chase.**

{00330018.DOCX}

Except as specifically modified by this Plan, no term or condition of the loan documents evidenced by the Chase Claim shall be modified.  The Debtor hereby ratifies and reaffirms the loan documents evidencing the Chase Claim in all respects, and confirms that they remain in full force and effect, specifically affirming that all rights and remedies of Chase upon a default shall now be applicable to a default under this Plan.

In consideration of the Chase Carve Out, which includes the Chapter 5 Examiner Fund, upon the Effective Date, Chase shall be released from any and all potential claims, debts, rights, causes of action, remedies or liabilities held or allegedly held, known or unknown, by the Debtor.  The foregoing release is a general release of all claims that could be raised by the ~~substantively consolidated~~ Debtor, Disbursing Agent or Chapter 5 Examiner against Chase.

**Section 8.1 is modified as follows to include the language in italics:**
**8.1 Jurisdiction.**

Until the Bankruptcy Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction that is permissible, including that necessary to ensure that the purposes and intent of the Plan are carried out and to hear and determine all Claims that could have been brought before the entry of the Confirmation Order.  Except as otherwise provided in the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against the Debtor, Rule 2004 examinations of the Debtor *along with all other discovery issues arising from this Bankruptcy Case* and to adjudicate and enforce all causes of action that may exist on behalf of Debtor.

{00330018.DOCX}

**Section 1.22 is deleted in its entirety and replaced with the following:**
**1.22** "Chase" means JPMorgan Chase Bank, N.A. and any predecessors, successors, assigns, parent corporations, subsidiary corporations, affiliate corporations, successors, agents, and their officers, directors, shareholders, employees, representatives, insurers, attorneys and assigns, and/or anyone claiming by, through or under any of them.

**Section 2.1.3 is modified as follows to include the language in italics:**
**2.1.3** Professional Compensation and Expense Reimbursement Claims. All Persons seeking an award by the Bankruptcy Court of a Professional Fee Claim, or of compensation for services rendered to the Debtor or reimbursement of expenses incurred from *July 1, 2019* through and including the Effective Date under Sections 503(b)(2) of the Bankruptcy Code, shall file their respective final applications for allowances of compensation for services rendered and reimbursement of expenses incurred no later than fifteen (15) days after the entry of an order by the Bankruptcy Court conditionally approving the Debtor's Disclosure Statement, or as otherwise ordered by the Bankruptcy Court.

Such applications shall include an estimate of any additional compensation or reimbursement that is contemplated to be requested for services rendered and costs incurred through the Confirmation Date and are supplemented at the Confirmation Hearing as needed. If such an award is approved by the Bankruptcy Court, it shall be fully paid in Cash to the extent Allowed by the Bankruptcy Court **(A)** on the later of the Effective Date or the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable, or **(B)** upon such other terms as may be mutually agreed upon between such Holder of an Allowed Administrative Claim and the Debtor. Any Provisional Fee Payments made to Professionals during the pendency of the case shall be deemed to have been made as of the Effective Date.

All Professional Fees for services rendered in connection with this case after the Effective Date, including, without limitation, those relating to the occurrence of the Effective Date, the prosecution of Chapter 5 Claims, claim of other Causes of Action and the resolution of Disputed Claims and, shall be paid by the Disbursing Agent, as applicable, upon *first having their retention approved by the Bankruptcy Court and second by* filing a fee statement no more often than once a month and providing ten (10) days for objections otherwise the statements shall be deemed approved *on an interim basis.*

**Section 2.4 is deleted in its entirety and replaced with the following:**
**2.4    Substantive Consolidation of Subsidiaries.**

**UPON CONFIRMATION OF THE PLAN THE SUBSIDIARIES SHALL BE SUBSTANTIVELY CONSOLIDATED WITH THE DEBTOR AND THE SUBSIDIARIES SHALL FILE ARTICLES OF MERGER WITH THE STATE OF DELAWARE WHICH IS AN AUTHORIZED USE OF CASH COLLATERAL. THE DEBTOR DOES NOT BELIEVE THE SUBSIDIARIES HAVE ANY INDEPENDENT LIABILITIES, APART FROM THE DEBTOR, OTHER THAN THE LAWSUITS WHERE THEY HAVE BEEN NAMED AS A CO-DEFENDANT TO THE DEBTOR.**

**CHASE SHALL BE ENTITLED TO A PERFECTED LIEN ON THE ASSETS OF THE SUBSIDIARIES AS WELL AS THE DEBTOR. THE DEBTOR SHALL MAIL NOTICE OF THE SUBSTANTIVE CONSOLIDATION AND CHASE LIEN TO ANYONE IT IDENTIFIES AS A POTENTIAL CLAIMANT WHO HAS NOT ALREADY RECEIVED NOTICE OF THIS BANKRUPTCY. THE RECIPIENTS WILL HAVE FOURTEEN (14) DAYS FROM THE DATE OF THE NOTICE TO FILE WITH THIS COURT A CLAIM EITHER SUPERIOR TO CHASE'S LIEN ON THE SUBSIDIARIES' ASSETS OR TO THE DEBTOR'S INTEREST IN SURPLUS COLLECTIONS. THE DEBTOR AND CHASE SHALL SEGREGATE ALL COLLECTIONS FROM THE SUBSIDIARIES UNTIL THE LATER OF THE FOURTEEN (14) DAYS NOTICE PERIOD HAS EXPIRED WITH NO CLAIMS FILED, OR, ALL TIMELY CLAIMS FILED HAVE BEEN ADJUDICATED. THE CLAIMS PROCEDURE IDENTIFIED HEREIN DOES NOT EXTEND THE CLAIMS BAR DATE FOR ANY CREDITORS WHO PREVIOUSLY HAD NOTICE OF THE BANKRUPTCY CASE.**

**Article 4 Class 2 is deleted in its entirety and replaced with the following:**
**Article 4 Class 2.**

Chase is claiming post-petition contract interest rate and reasonable attorney's fees, not to exceed $130,000; and, post confirmation interest rate of 5.25% subject to 11 U.S.C. § 506(b).

**Article 4 Class 5 is deleted in its entirety and replaced with the following:**
**Article 4 Class 5.**

Class 5 General Unsecured Claims shall be paid from the Remainder, from any net recoveries from Chapter 5 Claims and other Causes of Action after costs of recovery, including any costs of litigation and attorneys' fees, and from the Chase Carve Out in the amount of up to $50,000 from the continued collection of Chase Accounts Receivable, to be paid pro rata with Chase, after Chase receives payment of 80% of its Class 2 Claim.

**Section 5.7 is modified as follows include the last sentence in italics:**
**5.7 Addresses for Distributions to Holders of Allowed Claims.**

Unless otherwise provided in the Plan, the Plan Documents, or a Final Order of the Bankruptcy Court, Distributions to be made under the Plan to Holders of Allowed Claims shall be made by first class United States mail, postage prepaid to: **(A)** the latest mailing address set forth in a Proof of Claim timely filed with the Bankruptcy Court by or on behalf of such Holders or **(B)** if no such Proof of Claim has been timely filed, the mailing address set forth in the Schedules. Neither the Debtor nor the Debtor shall be required to make any other effort to locate or ascertain the address of the Holder of any Claim. *Should a creditor provide an alternative address, payment will be made there.*

**Section 5.8.2 is modified as follows to include the language in italics:**
**5.8.2** Prosecution of Objection.

On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner shall have the *non-exclusive* authority to file objections, litigate to judgment, settle, or withdraw objections to Disputed Claims.  On and after the Effective Date, the Disbursing Agent or Chapter 5 Examiner shall be entitled to compromise or settle any Disputed Claim without approval of the Bankruptcy Court *except for any Disputed Claim regarding Dr. Okoh or if any creditor or interested party has filed an objection as to that Disputed Claim.*

**Section 7.1 is modified as follows to include the language in italics:**
**7.1 Assumed Executory Contracts and Unexpired Leases.**

The Debtor will be deemed to have rejected all Executory Contracts or Unexpired Leases that have not been expressly assumed by the Debtor with the Bankruptcy Court's approval on or prior to the Confirmation Date, and are not the subject of a pending motion to assume on the Confirmation Date.  The Plan shall constitute a motion to reject such executory contracts and unexpired leases, and the Debtor shall have no liability thereunder except as is specifically provided in the Plan.  Entry of the Confirmation Order shall constitute approval of such rejections.  To the extent the Debtor's contracts with Critical Vendors are considered executory contracts, the Debtor *assumes* those contracts through the Plan.  By this Article, the Debtor expressly rejects that certain Healthcare Master Agreement by and between Nuance Communications, Inc. and Debtor effective December 31, 2015 (together with all schedules, exhibits and orders thereto, including, without limitation, that certain order entered into on December 30, 2015 and executed on December 31, 2015).

**Section 7.2 is added in its entirety:**
**7.2 Chase.**

Except as specifically modified by this Plan, no term or condition of the loan documents evidenced by the Chase Claim shall be modified.  The Debtor hereby ratifies and reaffirms the loan documents evidencing the Chase Claim in all respects, and confirms that they remain in full force and effect, specifically affirming that all rights and remedies of Chase upon a default shall now be applicable to a default under this Plan.

In consideration of the Chase Carve Out, which includes the Chapter 5 Examiner Fund, upon the Effective Date, Chase shall be released from any and all potential claims, debts, rights, causes of action, remedies or liabilities held or allegedly held, known or unknown, by the Debtor.  The foregoing release is a general release of all claims that could be raised by the Debtor, Disbursing Agent or Chapter 5 Examiner against Chase.

**Section 8.1 is modified as follows to include the language in italics:**
**8.1 Jurisdiction.**

Until the Bankruptcy Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction that is permissible, including that necessary to ensure that the purposes and intent of the Plan are carried out and to hear and determine all Claims that could have been brought before the entry of the Confirmation Order.  Except as otherwise provided in the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against the Debtor, Rule 2004 examinations of the Debtor *along with all other discovery issues arising from this Bankruptcy Case* and to adjudicate and enforce all causes of action that may exist on behalf of Debtor.