ORDERED.

Dated: November 08, 2019

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

NATIONAL RADIOLOGY CONSULTANTS, P.A.,

Debtor.

Case No. 8:19-01274-CPM

Chapter 11

**ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION AS MODIFIED ON THE RECORD OF NATIONAL RADIOLOGY CONSULTANTS, P.A.**

**(Doc. Nos. 119, 121, 131, 132, 135, 145, 161, 169, 172, 175, 177, 178, 180, 188, 189 and 190)**

THIS CASE came before the Court for hearing on September 5, 2019 at 2:00 p.m. and September 27, 2019 at 2:30 p.m. (collectively, the "**Confirmation Hearing**") to consider **(a)** final approval of the *Amended Disclosure Statement in Connection with Amended Plan of Liquidation of National Radiology Consultants, P.A.* (Doc. No. 121) (the "**Disclosure Statement**") filed by National Radiology Consultants, P.A. (the "**Debtor**"); **(b)** confirmation of the *Second Amended Plan of Liquidation of National Radiology Consultants, P.A.* (Doc. No. 161) (the "**Second Amended Plan**")[1] and the *Debtor's Notice of Filing Plan Amendments* (Doc. No. 188) (the "**Amendments**") filed by the Debtor; **(c)** the objections to confirmation filed by **(i)** the United States Trustee (Doc. No. 131) (the "**UST Objection**"), **(ii)** Satish Venkataperumal,

---

[1] All capitalized terms not specifically defined herein shall have the same meaning ascribed to them in the Modified Second Amended Plan.

{00328531.DOC;6}

M.D. (the "**Venkat Objection**") (Doc. No. 132), **(iii)** JPMorgan Chase Bank, N.A. ("**Chase**") (Doc. No. 135) (the "**Chase Objection**"), **(iv)** Alex Bibbey, M.D. (Doc. No. 169) (the "**Bibbey Objection**"); **(v)** Virtual Radiologic Professionals of Illinois, S.C., Inc. ("VRAD") (Doc. Nos. 119 and 172) (collectively, the "**VRAD Objections**"), **(d)** the *Debtor's Omnibus Response to Objections* (Doc. No. 178) (the "**Omnibus Response**"); **(e)** *Debtor's Motion for Cramdown* (Doc. No. 175) (the "**Cramdown Motion**") filed by the Debtor; and, **(f)** *Creditor, VRAD's Motion to Convert or Dismiss this Case and Appoint a Trustee* (Doc. No. 145) (the "**Conversion Motion**") filed by VRAD. Appearances were made as reflected on the record.

After considering the **(a)** the Second Amended Plan; **(b)** *Certificate of Service* with respect to the service relating to the matters heard at the Confirmation Hearing and in connection with confirmation of the Second Amended Plan (Doc. No. 107) (the "**Solicitation Package**"); **(c)** the Disclosure Statement; **(d)** the *Debtor's Notice of Material Changes Incorporated into Amended Plan and Amended Disclosure Statement* (Doc. No. 124) (the "**Notice of Material Changes**"); **(e)** the *Notice of Filing Affidavits of Publication* (Doc. No. 166); **(f)** the Cramdown Motion; **(g)** the *Declaration of Richard M. Dauval as Proposed Chapter 5 Examiner* (Doc. No. 177); **(h)** the *Declaration of John Patrick in Support of Confirmation of the Second Amended Plan of Liquidation of National Radiology Consultants, P.A.* (Doc. No. 180); **(i)** the Amendments; **(j)** *Notice of Filing Ballot Tabulation* (Doc. No. 189) (the "**Ballot Tabulation**"); **(k)** the *Supplemental Declaration of John Patrick in Support of Confirmation of the Second Amended Plan of Liquidation of National Radiology Consultants, P.A.; and, Debtor's Motion to be Excused from the Order on Creditor, VRAD's Motion to Enforce This Court's Orders and to Compel the Debtor to Produce all Court Ordered Business Records and Corresponding Motion for Sanctions* (Doc. No. 190); **(l)** arguments and proffers of counsel made at the Confirmation

Hearing, **(m)** the modifications announced on the records; and, **(n)** the entire record in this chapter 11 case, and for the reasons stated orally and recorded in open court that shall constitute the conclusions of law, findings of fact and rulings as if specifically incorporated by the Court, the Court concludes and finds **(a)** that the Second Amended Plan as modified on the record and through the Amendments (the "**Modified Second Amended Plan**") has been proposed in good faith and meets all of the requirements for confirmation under Section 1126 and 1129 of the Bankruptcy Code, is fair and equitable, and does not discriminate unfairly with respect to each class of claims or interests and, therefore, should be confirmed; and, **(b)** that the Disclosure Statement contains adequate information as contemplated under Section 1125 of the Bankruptcy Code and should be finally approved.  Pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. The Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Solicitation Package containing the *Plan of National Radiology Consultants, P.A.* (Doc. No. 101); the *Disclosure Statement in Connection with Plan of National Radiology Consultants, P.A.* (Doc. No. 102); the *Order Conditionally Approving Disclosure Statement, Fixing Time to File Objections to Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing* (Doc. No. 103) (the "**Disclosure Statement Order**"); and a ballot was served on all creditors and parties-in-interest.  The Notice of Material Changes was

served on all creditors and parties-in-interest. The Court finds that **(a)** timely and proper notice of the Confirmation Hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Modified Second Amended Plan were provided to all creditors and all parties in interest, **(b)** such notice was adequate and sufficient to notify all creditors and all parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Modified Second Amended Plan, **(c)** such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Bankruptcy Rules and otherwise satisfied due process, and **(d)** the Amendments or other modifications announced in open court do not require additional disclosure under Section 1125 of the Bankruptcy Code nor re-solicitation of votes under Section 1126 of the Bankruptcy Code.

  **C.** The Debtor and its attorneys have solicited votes to accept or reject the Modified Second Amended Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Disclosure Statement Order, and are, therefore, entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

  **D.** The Ballot Tabulation as filed on September 27, 2019 reflects Class 1 is unimpaired and therefore deemed to have accepted the Modified Second Amended Plan; Classes 3 and 6 did not vote; and, Class 4 and Class 5 have affirmatively accepted the Modified Second Amended Plan by the acceptance of the Modified Second Amended Plan by creditors holding the required number and amount of allowed claims. As announced on the record at the Confirmation Hearing, Class 2 which consists of the claim of Chase, has affirmatively accepted the Modified Second Amended Plan. Therefore, the Debtor has obtained sufficient acceptances such that the Ballot Tabulation as modified by acceptances announced on the record reflects the acceptance in

both number and dollar amount of votes with respect to each impared Class that voted on the Plan.

      **E.**      The Modified Second Amended Plan satisfies all of the requirements of Section 1129 of the Bankruptcy Code. The Court specifically finds that **(a)** the Modified Second Amended Plan rationally and properly classifies the claims, clearly delineates between impaired and unimpaired classes and similarly treats claims within a particular class to comply with Section 1129(a)(1); **(b)** the Debtor has complied with applicable provisions of the Bankruptcy Code as a debtor in possession, employment, property and monthly operating reports; and, the Court relieves the Debtor of the requirement under Section 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held family business, under Section 1129(a)(2); **(c)** the Modified Second Amended Plan was proposed in good faith as referenced under Section 1129(a)(3); **(d)** the Debtor has properly disclosed all payments made or to be made to its professionals under Section 1129(a)(4) which have been or will be subject to the Court's approval; **(e)** the Debtor has properly disclosed the identities and affiliations of the individuals proposed to serve in the role of the Debtor's management after confirmation of the Modified Second Amended Plan under Section 1129(a)(5); **(f)** the Modified Second Amended Plan does not contemplate any rate change with respect to any rate surcharge that is subject to the jurisdiction of any regulatory commissions under Section 1129(a)(6); **(g)** the Modified Second Amended Plan is in the best interest of creditors as evidenced, in part, by the liquidation analysis attached to the Disclosure Statement under Section 1129(a)(7); **(h)** all classes have either accepted the Modified Second Amended Plan or are unimpaired and therefore the Debtor has satisfied the requirements of Section 1129(a)(8) or the Modified Second Amended Plan may be confirmed under Section 1129(b); **(i)** the Modified Second Amended Plan complies with the

requirements under Section 1129(a)(9) including the requirements of 1129(a)(9)(A) with respect to claims of the kind specified in Section 507(a)(2) in that all such claims have been paid or will be paid on the Effective Date or the holder of such claim has otherwise agreed to different treatment; **(j)** at least one class of impaired claims has accepted the Modified Second Amended Plan determined without including any acceptance of the Modified Second Amended Plan by any insider under Section 1129(a)(10); **(k)** the Modified Second Amended Plan is feasible as referenced under Section 1129(a)(11); **(l)** all fees assessed and payable under 28 U.S.C. § 1930 have been paid or will be paid upon the Effective Date under Section 1129(a)(12); **(m)** there are no retiree benefits to be paid after the Effective Date under Section 1129(a)(13); **(n)** the Debtor is not required to pay any domestic support obligations and therefore is compliant with Section 1129(a)(14); **(o)** the Debtor is not an individual and therefore is compliant with Section 1129(a)(15); **(p)** the Modified Second Amended Plan does not contemplate the transfer of any property and therefore is compliant with Section 1129(a)(16); **(q)** that the Modified Second Amended Plan does not violate the absolute priority rule of Section 1129(b) because Dr. James Okoh ("**Dr. Okoh**") is maintaining his equity interest for credentialing purposes only; and, **(r)** the Modified Second Amended Plan is the only plan being confirmed by this Court under Section 1129(c).

      **F.**    The principal purpose of the Modified Second Amended Plan is not for the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, the Modified Second Amended Plan complies with Section 1129(d) of the Bankruptcy Code.

  **G.**  Through the entry of this Confirmation Order, the Amendments shall be expressly incorporated by reference into the Second Amended Plan.

  **H.**  Where appropriate, a finding of fact shall be considered a conclusion of law and a conclusion of law shall be considered a finding of fact; all of which shall be incorporated into this Confirmation Order's ruling.

**ACCORDINGLY, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

  **1.**  <u>**Confirmation of Plan**</u>.  The Modified Second Amended Plan is hereby **CONFIRMED** pursuant to Section 1129(a) of the Bankruptcy Code.

    **A.**  <u>**Binding Effect.**</u>  All terms of the Modified Second Amended Plan as further modified by this Confirmation Order, and all necessary and relevant documents, are effective and binding upon the entry of this Confirmation Order and the Effective Date.  The failure to reference or discuss any particular provision of the Modified Second Amended Plan in this Confirmation Order shall have no effect on the Court's approval and authorization of, or the validity, binding effect and enforceability of such provision and each provision is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Second Amended Plan, whether or not mentioned in this Confirmation Order.

    **B.**  <u>**Burden of Proof**</u>.  The Debtor has met its burden of proving all of the elements of Section 1129(a) of the Bankruptcy Code.

    **C.**  <u>**Effectuating Documents**</u>. The Debtor is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Modified Second Amended Plan, including, without limitation,

the articles of merger to be filed in Delaware with respect to any of the Debtor's non-filing subsidiaries.

    **D.**  **Executory Contracts and Unexpired Leases**.  The Debtor is deemed to have rejected all Executory Contracts or Unexpired Leases that have not been expressly assumed by the Debtor with the Bankruptcy Court's approval on or prior to the Confirmation Date, and are not the subject of a pending motion to assume on the Confirmation Date.  To the extent the Debtor's contracts with Critical Vendors are considered executory contracts, the Debtor assumes those contracts through the Plan.  By this Confirmation Order, the Debtor expressly rejects that certain Healthcare Master Agreement by and between Nuance Communications, Inc. and Debtor effective December 31, 2015 (together with all schedules, exhibits and orders thereto, including, without limitation, that certain order entered into on December 30, 2015 and executed on December 31, 2015).

    **E.**  **Final Fee Applications**.  To the extent any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date in excess of any amounts estimated in any previously filed interim application or is seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date in a final application, such professional shall file its respective application for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is no later than thirty (30) days from the date of entry of this Confirmation Order, such final applications may be filed on negative notice or heard at the next post-confirmation status conference.  Administrative claims that have been previously allowed may be paid immediately.

    **F.**  **Jurisdiction and Venue**.  This Court has jurisdiction over the Debtor; the

Debtor's chapter 11 case; all of the Debtor's property, contracts, and assets, wherever located; all claims against and equity interests in the Debtor; all holders of claims against and equity interests in the Debtor; all Rule 2004 examinations of the Debtor and the Debtor's corporate representative Dr. Okoh along with all other discovery issues arising from this Bankruptcy Case pursuant to 28 U.S.C. § 1334.  Confirmation of the Modified Second Amended Plan as modified herein and approval of the Disclosure Statement is a "core proceeding" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L), and (O), and this Court has jurisdiction to enter a final order with respect to confirmation.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

G. **Preservation of Causes of Action**.  All causes of action and objections to claims not specifically released through separate order of this Court are to be retained by the Debtor and preserved to the full extent provided in the Modified Second Amended Plan.

H. **Appointment of John Patrick**.  John Patrick is hereby appointed as the Disbursing Agent pursuant to the terms and conditions contained in the Modified Second Amended Plan.  To the extent not already received, the Disbursing Agent shall be entitled to receive compensation in the amount of up to fifteen thousand dollars ($15,000.00) for the months of July, August and September, 2019; and, thereafter, up to four thousand dollars ($4,000.00) per month until his term is extinguished unless otherwise agreed to in writing between the Disbursing Agent and Chase.  All professionals utilized by the Disbursing Agent subsequent to the Effective Date must first have their retention approved by the Bankruptcy Court and their fees approved pursuant to the Modified Second Amended Plan.  The Disbursing Agent shall be vested with the power under 11 U.S.C. § 363 to sell any outstanding accounts receivables subject to only review and approval by Chase.

  **I.**  **Appointment of Richard Dauval**.  Richard Dauval is hereby appointed as the Chapter 5 Examiner pursuant to the terms and conditions contained in the Modified Second Amended Plan.  The Chapter 5 Examiner shall utilize the Chapter 5 Examiner Fund to investigate and evaluate Chapter 5 Claims utilizing his business judgment.  All professionals utilized by the Chapter 5 Examiner must first have their retention approved by the Bankruptcy Court and their fees approved pursuant to the Modified Second Amended Plan.

  **J.**  **Retention of Jurisdiction**.  The Court's retention of jurisdiction as set forth in Article 8 of the Second Amended Plan comports with the parameters contained in 28 U.S.C. § 157 and is to be interpreted as broadly as possible.

  **2.**  **Final Approval of Disclosure Statement**.  The Disclosure Statement complies with Section 1125 of the Bankruptcy Code and is hereby **FINALLY APPROVED** as containing adequate information – including but not limited to adequately detailing the risks involved - within the meaning of Section 1125 of the Bankruptcy Code.

  **3.**  **Objections**.   The Chase Objection was **WITHDRAWN** in open court.  Objections not specifically withdrawn in open court at the Confirmation Hearing to the Modified Second Amended Plan are hereby overruled.  The UST Objection is hereby **OVERRULED AS MOOT.**  The VRAD, Venkat and Bibey Objections are hereby **OVERRULED.**

  **4.**  **Cramdown Motion.**  The Cramdown Motion is **GRANTED** to the extent necessary to confirm the Modified Second Amended Plan as to Class 3 pursuant to 11 U.S.C. § 1129(b)(2)(B).

  **5.**  **Conversion Motion**.  The Conversion Motion was **WITHDRAWN** in open court.

6. **LocumTenens Objection**. The *Objection to Claim No. 2 of LocumTenens.Com, LLC* (Doc. No. 176) filed by the Debtor was **WITHDRAWN** in open court and an *Agreed Order (1) Withdrawing Objection to Claim No. 2 of Locumtenens.com and (II) Allowing Claim No. 2 Subject Only to Disallowance Under Section 11 U.S.C. § 502(d)* has been or will be entered by the Court. Accordingly, LocumTenens.Com ("**Locum**") has an allowed Class 5 claim in the full amount of its *Proof of Claim 2* not subject to defenses, objections, or disallowance other than solely under 11 U.S.C. § 502(d) and therefore by extension Locum's amended affirmative ballot shall be included in the Ballot Tabulation.

7. **Jennis Law Firm**. Upon entry of this Confirmation Order, the Jennis Law Firm is hereby discharged and relieved from all further representation and responsibilities in this action except that **(i)** Jennis Law Firm shall appear and advise the Court at the Status Conference identified in Provision 8 below; and, **(ii)** upon written notification from the Disbursing Agent and/or Chapter 5 Examiner that sufficient disbursements and transfers made to satisfy the requirements of "substantial consummation" as defined in Section 1101(2), Jennis Law Firm shall file a *Certificate of Substantial Consummation* and *Motion for Entry of Final Decree*. Further notices of filings served on the debtor shall be served on the Disbursing Agent at 401 E. Fern Street, Tampa, Florida 33604 and the Chapter 5 Examiner at 3900 1st Street N., St. Petersburg, Florida 33703.

8. **Status Conference**. The Court will conduct a post confirmation status conference in this chapter 11 case on **December 19, 2019 at 3:30 p.m**. (the "**Status Conference**").

*Attorney Daniel E. Etlinger is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.*